IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV27-03-MU

| | |
|---|---|
| JIMMY LEE HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| SCOTT HUSKIN et. al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed January 25, 2010. (Document No. 1. )

In his Complaint, Plaintiff alleges that the Defendants violated his constitutional rights while housed at Avery Mitchell Correctional Institution. Specifically, Plaintiff contends that on June 4, 2009, he requested permission of Defendant Scott Huskin to go to the warehouse to get tennis shoes. Defendant Huskins picked up the phone as if he was calling and told Plaintiff to go on. When Plaintiff arrived at the warehouse, Defendant Marvin Renfro told him no one had called to say Plaintiff was coming and sent him back without the shoes. Plaintiff returned to Defendant Huskin and told him what Defendant Renfro said. Plaintiff alleges that Defendant Huskin said "are you calling me a got dam lie, are you calling me a got dam lie. I will have a office to come in this booth and I will come out there and beat your got dam ass." (Complaint at 4.) Plaintiff was then called to Defendant Sergeant Masters' Office. According to Plaintiff, Sergeant Masters believed Defendant Huskins' version of the events that Plaintiff called Defendant Huskins a liar. Plaintiff was written up for this behavior and he contends that Defendants Masters, Johnson and Renfro all conspired

1

against him because they believed Defendant Huskins. Plaintiff also contends that Defendants discriminated against him.

The Court is aware of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). While such liberal construction standard requires the Court to accept Plaintiff's allegations as true, such standard does not mean that the Court will ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Nor must the Court "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4tth Cir. 2000). Rather, as the Court noted in Ashcroft v. Iqbal, 129 S. Ct 1937 (2009):

> [T]he Pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unartfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S. Ct at 1949 (internal quotation marks omitted, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007)).

In the instant case, Plaintiff contends that Defendant Huskin violated his civil rights by threatening him with his statement "are you calling me a got dam lie, are you calling me a got dam lie. I will have a office to come in this booth and I will come out there and beat your got dam ass." Taking this allegation as true, as this Court must, Plaintiff has not stated a claim for relief against Defendant Huskin. Indeed, verbal abuse by guards, without more, states no claim of assault.

2

Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd 917 F.2d 1302 (4th Cir. 1990). Plaintiff alleges, at most, a threat of harm. However, there is no allegation that Defendant acted on this "threat" or ever called another guard into the booth so that he could act on this threat. Moreover, Plaintiff does not allege any harm flowing from the alleged verbal abuse. Cole v. Cole, 633 F.2d 1083, 1090-91 (4h Cir. 1980). Plaintiff's allegation does not rise to the level of a claim of assault or any other constitutional violation. Therefore, this claim fails to state a claim for relief.

With respect to the remaining defendants, Plaintiff claims that they discriminated against him and conspired "with the lies that [] Scott Haskin told." With respect to Plaintiff's discrimination claim, there are simply no facts in his Complaint which support a claim of discrimination. Plaintiff merely invokes the word discrimination, but does not plead even the most basic facts which would support such a claim. Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974) (conclusory allegations of discrimination are insufficient to state a claim.)

Next, with respect to Plaintiff's conspiracy claim, it is not totally clear what cause of action Plaintiff is pleading, however, what is clear is that any such claim is completely conclusory.[1] Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (Plaintiff cannot rely merely on "conclusory allegations."); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (plaintiff "must present more than naked allegations" to survive dismissal).

---

[1] To the extent Plaintiff is attempting to allege a retaliation claim, he has failed to do so in that he does not link up any alleged retaliation with some constitutionally protected right. Moreover, the Court notes that such claims are generally treated with skepticism. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). To the extent Plaintiff is attempting to allege a due process claim relating to his write up, although it does not appear he is doing so, the Court notes that Plaintiff does not allege any violation of his procedural safeguards, he does not allege a loss of any liberty interest and he concedes he was granted a revinvestigation after speaking with Superintendent Cooper.

The Court has liberally considered Plaintiff's Complaint and concludes that such Complaint should be dismissed for failure to state a claim for relief.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Signed: February 2, 2010

Graham C. Mullen
United States District Judge